UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WANDA L. FOHL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:12-cv-00766-MJD-RLY |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | |

**ENTRY ON JUDICIAL REVIEW**

Plaintiff Wanda Fohl requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Social Security Disability Insurance Benefits ("DIB") under Title II and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 416(i), 423(d), & 1382c(a)(3). For the reasons set forth below, the decision of the Commissioner is **AFFIRMED**.[1]

### I.     Procedural History

Fohl filed an application for DIB and SSI on September 22, 2010, alleging an onset of disability of May 15, 2006. Fohl's applications were denied initially on January 13, 2011, and on reconsideration on May 16, 2011. Fohl requested a hearing, which was held on December 9, 2011 before Administrative Law Judge Mark Ziercher ("ALJ"). The ALJ denied Fohl's

---

[1] The parties consented to the Magistrate Judge conducting all proceedings and ordering the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Any objections to or appeal of this decision must be made directly to the Court of Appeals in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 363(c)(3).

1

applications on March 14, 2012. The Appeals Council denied Fohl's request for review on April 30, 2012, making the ALJ's decision the final decision for purposes of judicial review. Fohl filed her Complaint with this Court on June 5, 2012.

## II.     Factual Background and Medical History

Wanda Fohl alleged an onset of disability of May 15, 2006, when she walked off her job as an inventory clerk because she just "snapped." [R. at 38.] However, the earliest medical record is May 5, 2010. She was seen initially by Dr. Boris Imperial at Meridian Services, however, most of her treatment records are conducted by Nurse Practitioner ("NP") Joanita Wesler. Fohl attributes her mental problems to the death of her twin infants in 1976, being sexually abused by her father as a child and physically abused by her ex-husband. Dr. Imperial diagnosed Fohl with major depressive disorder, recurrent, severe with psychotic features; chronic depression; anxiety; and occupational and financial problems. Fohl met with Nurse Wesler several times from August 2010 to September 2011 for medication review. Nurse Wesler consistently assessed Fohl's Global Assessment of Functioning ("GAF") at 50. Fohl would report having trouble sleeping and having audio and visual hallucinations of her children.

In January 2011, Nurse Wesler completed a mental capacities evaluation and indicated that Fohl had moderate restriction in activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; and marked impairment in episodes of decompensation within a 12-month period, each of at least two week duration.

Also in January 2011, state agency physician Nicole Poupeney, Psy.D., conducted a consultative mental status examination. Dr. Poupeney diagnosed Fohl with a social phobia and depressive disorder not otherwise specified. She opined that Fohl's hallucinations appeared to be

anxiety-driven and were not true psychotic symptoms. Dr. Poupeney also determined that Fohl might have difficulty maintaining employment requiring frequent social interaction, however, Fohl did not have any psychological impairments related to understanding, memory, sustained concentration or persistence that would impact her ability to obtain or maintain employment.

State agency consultant Ken Lovko, Ph.D. reviewed Fohl's medical record, including the opinion of Dr. Poupeney, in January 2011. Dr. Lovko opined that Fohl's impairments impeded her from working with large numbers of people, however she could deal with smaller environments and stress levels. Dr. Lovko completed a Psychiatric Review Technique form and concluded that Fohl's impairments did not meet a listing. In his review, Dr. Lovko determined that Fohl had mild limitations in activities of daily living; moderate limitations in social functioning; moderate limitations in maintaining concentration, persistence, or pace; and no episodes of decompensation for an extended duration. In April 2011, after reviewing additional medical evidence, Dr. Stacia Hill affirmed Dr. Lovko's assessment.

Fohl was hospitalized in July 2011 for suicidal ideation. She was treated by Mehtab Khan, MD. Dr. Khan diagnosed Fohl as having bipolar disorder, recent episode depressed. Dr. Khan also noted that Fohl had no major deficits in attention, concentration and memory.

In August 2011, Nurse Wesler completed a Medical Source Statement. She indicated that Fohl had marked limitations in activities of daily living; extreme limitations in maintaining social functioning; marked limitation in maintaining concentration, persistence, or pace; and three or more episodes of decompensation, each of extended duration.

### III.     Applicable Standard

To be eligible for SSI and DIB, a claimant must have a disability under 42 U.S.C. § 423.[2] Disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 404.1520(b). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

---

[2] In general, the legal standards applied in the determination of disability are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* This court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176.

### IV.   The ALJ's Decision

The ALJ first determined that Fohl met the insured status requirement of the Act through March 31, 2013. Applying the five-step analysis, the ALJ found at step one that Fohl had not engaged in substantial gainful activity since the alleged onset date of May 15, 2006. At step two, the ALJ found that Fohl had the following severe impairments: depressive disorder not otherwise specified (NOS), a social phobia, and a posttraumatic stress disorder.

At step three, the ALJ determined that Fohl did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5

The ALJ found that Fohl had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can understand, remember, and perform simple work tasks at GED Reasoning Level 02 (as defined in the Selected Characteristics of Occupations), can have inconsequential or minimal contact with coworkers, and can perform productive work tasks for up to an average of 96 to 100% of an 8-hour workday, not including the typical morning, lunch, and afternoon breaks. She can have inconsequential or minimal contact with the general public (e.g., ticket taker). She can perform work that involves routine and repetitive tasks (i.e., no more than occasional changes in core work duties on a weekly basis).

At step four, the ALJ determined that Fohl was unable to perform any past relevant work. At step five, the ALJ determined that, considering Fohl's age, education, work experience and RFC, there were jobs that existed in the national economy that Fohl could perform. Therefore, the ALJ determined that Fohl was not disabled.

### V.     Discussion

The central issue in this matter is whether there is substantial evidence to support the ALJ's decision that Fohl was not disabled. *Dixon*, 270 F.3d at 1176. Plaintiff raises three arguments on review: 1) the ALJ erroneously determined that Fohl did not have an impairment or combination of impairments that met Listing 12.03; 2) the ALJ's credibility determination is patently erroneous because it is contrary to Social Security Ruling 96-7p; and 3) the ALJ erred at step five by posturing an incorrect hypothetical to the vocational expert.

The Court finds that there is substantial evidence to support the ALJ's decision. With regard to Listing 12.03, Fohl has not met her burden of proving that her mental impairments met or equaled a listing. *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006). Fohl asks this Court

to find that her mental impairments meet the listings based almost entirely on her GAF scores. The Court cannot do so. The ALJ's decision demonstrates that he considered Fohl's GAF scores and correctly noted that "nowhere do the Social Security regulations or case law require an ALJ to determine the extent of an individual's disability based entirely on his GAF score." [R. at 20 & n. 2 (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)), 21, 22.] The ALJ also relied on the state agency physicians who opined that Fohl's mental impairments did not meet or medically equal a listing. [R. at 23, 561-74, 693, 694.] The opinions of the state agency physicians satisfy the ALJ's duty to consult a medical expert with regard to medical equivalency. SSR 96-6p, 1996 WL 374180 (July 2, 1996).

  Fohl argues that the ALJ erred in failing to seek an additional medical expert. An updated medical opinion is required when additional medical evidence is received that, in the opinion of the ALJ, could change the state agency physician's finding on the issue of medical equivalency. *Id*. Although additional medical evidence was received after the state agency physicians reviewed the medical record, Fohl does not point to anything in the new medical evidence to demonstrate that the opinions of the state agency physicians would change. Fohl is not entitled to a remand simply because new medical evidence was submitted. The ALJ reviewed this evidence and included it in his decision. [R. at 22.] Therefore, there was no error.

  Fohl also argues that it was improper for the ALJ to accord little weight to the opinion of Nurse Wesler finding that Fohl had marked limitations in maintaining social functioning and concentration, persistence or pace. However, the regulations require evidence from an "acceptable medical source" to establish medical equivalency, which Nurse Wesler is not. *See* 20 C.F.R. 404.1513(a) (defining an acceptable medical source); SSR 96-6p. Therefore, the ALJ properly rejected the opinion of the nurse practitioner.

7

Fohl next argues that the ALJ erred in his credibility determination. Plaintiff's only argument is that the ALJ ignored or rejected Fohl's GAF scores. As discussed above, the ALJ took the GAF scores into consideration when making his determination on Fohl's credibility. [R. at 18, 20, 21, 22.] The remainder of Fohl's argument is waived as boilerplate language unsupported by record evidence typically found in counsel for the Plaintiff's briefs. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991); *Firkins v. Astrue*, No. 1:09-cv-00923-JMS-TAB, 2010 WL 3037257, *4 (S.D. Ind. Aug. 3, 2010).

Finally, Fohl argues that the ALJ's hypothetical question to the vocational expert did not accurately describe Fohl's impairments. Plaintiff cites to a couple of therapy sessions to demonstrate "many areas of Marked impairment that rendered the claimant totally disabled." Brief for Plaintiff at 25, *Fohl v. Astrue*, No. 1:12-cv-00766-MJD-RLY (S.D. Ind. October 20, 2012), ECF No. 20. However, these therapy sessions do not include any kind of diagnosis or medical findings other than Fohl's subjective complaints. [R. at 444-45, 448-50.] Further, these sessions are not inconsistent with the discussed medical record in the decision and not contrary to the ALJ's RFC determination which Fohl does not challenge. Therefore, substantial evidence supports the ALJ's hypothetical and step five determination.

## VI.    Conclusion

For the reasons set forth above, substantial evidence supports the ALJ's determination that Fohl is not disabled and the Commissioner's decision is **AFFIRMED**.

Date: _07/05/2013_

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov